UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. STRANEY,

                Plaintiff,                          Civil Action No.
                                                    06-CV-12152

vs.

                                                  HON. BERNARD A. FRIEDMAN

GENERAL MOTORS CORPORATION,

                Defendant.

_____/


## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, VACATING SECTION VI OF THIS COURT'S NOVEMBER 8, 2007, OPINION AND ORDER, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY

        This matter is presently before the Court on Defendant's Motion for Reconsideration [docket entry 33]. On November 8, 2007, the Court issued an Opinion and Order, disposing of all of Plaintiff's claims in Defendant's favor except for one. Specifically, the Court denied Defendant's Motion for Summary Judgment as to Plaintiff's federal equitable estoppel claim, concluding that there exists a genuine issue of material fact with respect to all five elements of such a claim. Subsequently, Defendant filed a Motion for Reconsideration on November 21, 2007 ("Defendant's Motion"), and Plaintiff filed a response on December 17, 2007 ("Plaintiff's Response"). The Court has had an opportunity to thoroughly examine this matter. For the reasons stated below, the Court will vacate Section VI of its November 8, 2007, Opinion and Order, grant Defendant's Motion for

Reconsideration, and grant Defendant's Motion for Summary Judgment in its entirety.[1]

E.D. Mich. LR 7.1(g) governs motions for reconsideration and requires that "[t]he movant . . . not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."  In addition, the Sixth Circuit, joining other circuits, has held that a motion for reconsideration filed within ten days of judgment—as is the case here—is to be treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  *See, e.g., Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, p. 122 (2d ed. 1995) ("Rule 59(e) does . . . include motions for reconsideration").  "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to entry of judgment."  *Id*. at pp. 127-128 (footnotes omitted).

Defendant advances three main arguments in support of its position that the Court erred in its November 8, 2007, Opinion and Order.  First, Defendant submits that equitable estoppel claims are not cognizable in the context of a top-hat plan.  (*See* Def.'s Mot. at 3-5.)  Second,

---

[1] The Court notes at the onset that the federal estoppel issue, which was discussed by the Court in Section VI of its November 8, 2007, Opinion and Order, was scarcely briefed by the parties at the summary judgment stage of these proceedings, and that some of the issues discussed herein were comprehensibly briefed for the first time after the Court issued its November 8, 2007, Opinion and Order, in the briefs accompanying and responsive to the motion presently before the Court.  In light of the substantive briefing that has taken place since the Court's November 8, 2007, Opinion and Order, the Court will now address certain arguments that were advanced, but not fully developed, prior to November 8, 2007.  However, for the reasons discussed in Section I of this Opinion and Order, the Court declines to address Defendant's wholly new argument that estoppel does not apply to top-hat plans.

Defendant contends that even if equitable estoppel were applicable to top-hat plans, the doctrine can never be invoked to vary the terms of an unambiguous plan document. (*See id.* at 5-6.) Finally, Defendant argues that, in any case, Plaintiff has not demonstrated a genuine issue of material fact with respect to two of the five elements of an equitable estoppel claim. (*See id.* at 7-10.)[2] The Court does not reach Defendant's third argument because, upon further review of the record and extensive examination of the applicable case law, the Court is persuaded by Defendant's second argument. For the reasons discussed below, the Court now believes that it erroneously permitted Plaintiff's estoppel claim to proceed to trial. The Court will therefore vacate Section VI of its November 8, 2007, Opinion and Order, grant Defendant's Motion for Reconsideration, and grant Defendant's Motion for Summary Judgment in its entirety.

## I.     The Court Declines to Address Defendant's First Argument

As stated above, "[t]he Rule 59(e) motion may not be used to . . . raise arguments . . . that could have been raised prior to entry of judgment." 11 WRIGHT, MILLER, AND KANE at § 2810.1, pp. 127-128 (footnotes omitted). Defendant's first argument does exactly that. Defendant contends that the Court erred in finding the doctrine of equitable estoppel applicable in the ERISA

---

[2] As the Court stated at page 33 of its November 8, 2007, Opinion and Order,

> [t]he elements of an estoppel claim under ERISA are as follows: (1) there must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment. *See Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 428-429 (6th Cir. 2006) (citing *Sprague v. General Motors Corp.*, 133 F.3d at 388, 403 (6th Cir. 1998)).

context of a top-hat plan.  (*See* Def.'s Mot. 3-4.)  In support of this argument, Defendant relies on cases that have differentiated between pension plans, on the one hand, and welfare plans, on the other hand, holding that equitable estoppel is cognizable only in the context of welfare plans.  (*Id.*) Defendant then argues that top-hat plans are akin to pension plans, not welfare plans, and concludes that equitable estoppel therefore could not be applicable on the facts of this case since this case involves a top-hat plan.  (*Id*. at 4-5.)

This argument was never made prior to the entry of the Court's November 8, 2007, Opinion and Order, and the Court declines to consider it at this late stage of the proceedings.  With respect to this argument, the Court only notes that other courts have found the doctrine of estoppel applicable in the context of a top-hat plan.  *See, e.g., In re New Valley Corp.*, 89 F.3d 143, 152 (3d Cir. 1996) (recognizing the viability of estoppel claims against top-hat plans); *Callahan v. Unisource Worldwide, Inc.*, 451 F. Supp.2d 428, 437 (D. Conn. 2006) (same); *Koenig v. Waste Mgmt., Inc.*, 76 F. Supp.2d 908, 915-916 (N.D. Ill. 1999) (same).  *See also*, John F. Buckley IV, *ERISA Law Answer Book* 18:23 (6th ed. 2008) ("[e]stoppel claims are appropriate in cases involving top-hat plans . . .").  This is not surprising given that "[t]op hat plans are . . . governed by general principles of federal common law."  *In re New Valley Corp.*, 89 F.3d at 149.

## II.     Defendant's Second Argument is Meritorious: Estoppel Cannot be Applied to Vary the Terms of a Written Top-Hat Plan

Defendant's second argument is that estoppel principles cannot be invoked to vary the terms of an unambiguous plan document.  The Court agrees.  In its November 8, 2007, Opinion and Order, the Court found that under the unambiguous terms of the SERP agreements, Plaintiff was ineligible to receive SERP benefits:

the language of the SERP agreements is unambiguous, and therefore only

> one conclusion is possible. To be eligible to receive SERP benefits, a GM executive must be 62 years old at retirement from GM. When Plaintiff transitioned from GM to AAM, he was not yet 62 . . .
>
> [U]nder the clear terms of the SERP agreements, GM's oral and written representations to Plaintiff were not effective to alter the unambiguous eligibility requirements contained in the SERP documents. The SERP agreements specifically dictate the procedures for modification and amendment, and the representations allegedly made by GM and its executives were not effective to change the eligibility requirements.

Op. and Or. at 31-32. Nevertheless, in its November 8, 2007, Opinion and Order, the Court proceeded to determine whether there existed a triable issue with respect to each of the five elements of an estoppel claim. In its Motion, Defendant argues that

> [i]t was palpable error [for the Court] to rule that Plaintiff's estoppel argument could proceed here, in light of this Court's finding that the plan language was clear and unambiguous and that Plaintiff, being only 51 at the time he left GM's employ, was not SERP eligible.

(Def.'s Mot. at 6.) Defendant relies mainly on three cases for the proposition that "[a] party cannot seek to estop the application of an unambiguous written provision in an ERISA plan." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 456 (6th Cir. 2003). *See also Sprague*, 133 F.3d at 403 (holding that "estoppel . . . cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions"); *Moore*, 458 F.3d at 449 (Oliver, J. and Cook, J., concurring separately) (affirming the trial court's finding that, under *Sprague*, "where written plan documents exist, a[n] . . . estoppel claim cannot succeed unless the plan documents are ambiguous").

Plaintiff, on the other hand, argues that *Sprague*, *Moore*, and *Marks* are inapplicable to top-hat plans, and that the Court should have applied "the most expansive federal common law rules which apply to 'top hat' plans" rather than "the more stringent *Sprague* standard." (Pl.'s Resp.

at 7.)  In other words, Plaintiff urges the Court to apply only the five-part estoppel test noted in footnote two, above, which controls the disposition of both ERISA and non-ERISA related estoppel claims in this circuit, without the additional ERISA-imposed limitation that a party cannot seek to estop the application of an unambiguous written provision in an ERISA plan.  The critical issue, then, is whether the *Sprague* limitation applies in the special context of a top-hat plan.

This precise issue appears to be one of first impression.  The Court is unable to locate any case that specifically addresses whether a party may invoke estoppel principles to vary the terms of a written top-hat plan.  Notwithstanding the absence of case law on point, the Court believes that the better practice is to apply the *Sprague* limitation to top-hat plans, at least where the top-hat plan is written and expressly integrated, as are the SERPs in this case.  The Court reaches this conclusion for two reasons.  The first reason is succinctly summarized by the Sixth Circuit in *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072 (6th Cir. 1997): "[a] primary purpose of ERISA is to ensure the integrity and primacy of . . . written plans."[3]  Allowing the oral representations allegedly made

---

[3] Incidentally, Plaintiff argues in his brief that this holding does not apply to top-hat plans, and that the Court therefore "erroneously relied on the primacy of written plan documents when it denied Straney's benefit claims." (*See* Pl.'s Resp. at 3 n.4.)  The Court disagrees.  It is true that top-hat plans do not have to be in writing.  *See, e.g., In re New Valley Corp.*, 89 F.3d at 149.  It is also true that, in the special case of a top-hat plan, oral representations are sometimes effective to alter the terms of a plan.  *See, e.g., id.* at 153.  But not in this case.  Even in the case of a top-hat plan, courts must give effect to the unambiguous language of the plan documents.  Therefore, despite Plaintiff's contrary belief, the Court finds that the Sixth Circuit's holding in *Health Cost Controls*, 139 F.3d at 1072, that "[a] primary purpose of ERISA is to ensure the integrity and primacy of the written plans" applies with equal force to written top-hat plans, like the one here, as it does to other ERISA plans that are subject to 29 U.S.C. § 1102(a)(1)'s writing requirement.  Where the plan documents unambiguously forbid oral modification, as do the SERPs in this case, the Court must give that language effect.

Few courts have dealt with oral modifications to a top-hat plan, but one particular Delaware bankruptcy case is directly on point.  In *In re IT Group, Inc.*, 305 B.R. 402, 411-413 (Bankr. D. Del. 2004), the court dealt with the issue of when an oral representation can be made

to Plaintiff to vary the unambiguous plan language would undermine the integrity and primacy of the SERPs agreements.

The language used in *Moore*, 458 F.3d at 449, also supports the Court's conclusion that the *Sprague* limitation applies to top-hat plans. As mentioned above, Judges Oliver and Cook, in separate concurring opinions, affirmed the trial court's application of *Sprague*: "where written plan documents exist, a[n] . . . estoppel claim cannot succeed unless the plan documents are ambiguous." *Id*. In the present case, unambiguous written plan documents exist. Moreover, the written documents in this case expressly forbid oral modification. Although *Moore* did not involve

---

part of a top-hat plan. The plan language in that case contained the following merger clause: "[t]his agreement contains the entire understanding between the parties with respect to the subject matter hereof and supersedes any prior understanding and agreements with respect thereto." *Id*. at 412. The plaintiffs, who were participants of a top-hat plan administered by the defendants, argued that "the lack of a writing requirement in 'top hat' plans means that the [top-hat plan] cannot be integrated and that oral modifications must be considered." *Id*. The court rejected this position, finding that "[n]o case law supports this creative argument." *Id*. The court also stated:

> [t]hat a "top hat" plan may be partially or totally oral does not support the proposition that it cannot be written and merged. The case law suggests only that portions of a "top hat" plan "can" be oral, not that every oral representation "must" be included in the Plan.

*Id*. The court concluded that top-hat plan documents "can . . . preclude consideration of [an] alleged oral modification." *Id*. *In re New Valley Corp.*, a case relied upon by both parties, also supports this rule. *See* 89 F.3d at 149 (noting that, while "top hat agreements can be partially or exclusively oral . . . . [t]hey may, of course, be integrated by their own terms, just as they may contain any provision to which the parties agree").

In the present case, as explained in the Court's November 8, 2007, Opinion and Order at page 29, the SERP documents expressly provide that "[n]o oral statements can change the terms of this Program." Because the SERP documents in this case "can and do preclude consideration of . . . the alleged oral modification," any oral statements made to Plaintiff by GM executives were not effective to alter the unambiguous language of the SERP. *See In re IT Group, Inc.*, 305 B.R. at 412. Therefore, even in the context of a top-hat plan, the primacy and integrity of the written plan documents is of paramount concern.

a top-hat plan, the Court nevertheless believes this rule to be equally applicable to written and integrated top-hat plans in light of the discussion above.

Upon reconsideration, the Court is persuaded that the reasoning employed and conclusions reached in Section VI of its November 8, 2007, Opinion and Order were erroneous. The Court improperly reached the five-part test for estoppel when the inquiry should have begun—and ended—with the Court's finding that the plan language is unambiguous.[4] For these reasons,

IT IS ORDERED that Section VI of this Court's November 8, 2007, Opinion and Order is vacated.

IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration is granted.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted in its entirety.

---

[4] To the extent that the *Sprague* limitation is not a prerequisite to reaching the five part estoppel test noted in footnote two, above, but rather merely part of the Court's analysis under element five of that test (whether reliance is reasonable or justifiable), Plaintiff's estoppel claim must still fail. This is because a reasonable person in Plaintiff's position would have asked to see the plan language before relying on any oral representations. Although Plaintiff insists that he "never received" a copy of the SERPs before he transitioned to AAM, there is no evidence that Plaintiff ever requested such documentation. (*See* Straney Aff., Pl.'s Resp. to Def.'s Mot. for Summ. J. at ex. 7, ¶ 4.) Insofar at the Court suggested otherwise in its November 8, 2007, Opinion and Order, the finding was erroneous.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated:  January 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2008, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager